UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KIMBERLY TUNSTILL, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01541-JMS-TAB |
| | ) | |
| CHUCK ONEIL, CEO, | ) | |
| HAYES GIBSON, and | ) | |
| BEECHWOOD GARDEN, | ) | |
| | ) | |
| *Defendants.* | ) | |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, SCREENING COMPLAINT, AND DIRECTING FURTHER PROCEEDINGS**

Presently pending before the Court are *pro se* Plaintiff Kimberly Tunstill's Complaint, [Filing No. 1], and Motion to Proceed *In Forma Pauperis*, [Filing No. 6]. This Entry addresses Ms. Tunstill's Motion, screens her Complaint pursuant to 28 U.S.C. § 1915(e)(2), and directs further proceedings.

**I.**
**MOTION TO PROCEED *IN FORMA PAUPERIS***

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that she lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Ms. Tunstill's Motion for Leave to Proceed *In Forma Pauperis*, [6], meets this standard and is therefore **GRANTED**. 28 U.S.C. § 1915(a).[1]

---

[1] Ms. Tunstill submitted a previous Motion to Proceed *In Forma Pauperis*, [Filing No. 2], which the Court denied as deficient. [Filing No. 5.] The Court ordered Ms. Tunstill to submit a new Motion by September 15, 2023, but instead she submitted her Motion on September 25, over a week later. Nonetheless, the Court will accept her current Motion.

The Court notes that, while *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fee. *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the filing fee; "all [18 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees.") (emphasis in original). The Court does not have the authority to waive the filing fee, and it remains due despite a plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, *2 (C.D. Ill. 2016) ("The Court does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, *5 (E.D. Wis. 2015) (same principle). The filing fee for *in forma pauperis* litigants is $350. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $402 filing fee includes a $52 administrative fee, but that the administrative fee "does not apply to…persons granted in forma pauperis status under 28 U.S.C. § 1915"). Immediate payment is not required; however, the $350 balance remains owing.

## II.
### SCREENING

**A.     Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6). See *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B. Complaint

Ms. Tunstill alleges she lives at Beechwood Garden, which is owned by Hayes Gibson, and whose CEO is Chuck Oneil. [Filing No. 1-1 at 1; Filing No. 1 at 1.] She alleges in a Complaint and supporting Exhibit that Defendants have unlawfully disclosed her personal information and failed to fix her plumbing. [Filing No. 1 (Complaint); Filing No. 1-1 (Exhibit).]

#### 1. Unlawful Disclosure of Personal Information

Ms. Tunstill alleges that on or about September 23, 2022, her "personal information," "Social Security Number," "data," and/or "any other personal account" were "exposed, potentially exposed, stolen and spread[] amongst the dark web," causing mental, emotional, and financial injuries. [Filing No. 1-1 at 1.] Ms. Tunstill does not allege who exposed her personal information or for what purpose.

#### 2. Failure to Fix Plumbing

Ms. Tunstill alleges that "day after day," at her Beechwood Garden apartment, she and her family have been exposed to raw sewage. [Filing No. 1-1 at 1.] "Raw sewage erupt[s]" from the utility-closet drain, she alleges, whenever she or other tenants "wash clothes," "take a shower," or "do anything" beyond washing their hands, washing the dishes, or flushing the toilet. [Filing No. 1 at 1; Filing No. 1-1 at 1-2.] She states that the constant exposure to "toxic sewage" has caused her stomach to ache and has caused her family to vomit. [Filing No. 1 at 1.] This "discharge of

pollutants," Ms. Tunstill alleges, has occurred since 2019, over four years of exposure to raw sewage. [Filing No. 1 at 1.]

Ms. Tunstill alleges that she has presented the issue of raw sewage to a number of entities and authorities. She alleges that she has contacted news media. [Filing No. 1-1 at 2.] She also alleges that she has contacted a "Board of Health Department," which "declared this same issue an emergency because the raw sewage place[s] [her] and [her] family in danger." [Filing No. 1-1 at 2.]

Ms. Tunstill alleges further that she has contacted Defendants, who have not resolved the plumbing issue. For example, she states that she contacted "Property Assistant Community Manager Sierra Carter of Beechwood Garden," who gave "the impression that the issue would be fixed but" has led only to "the same issues." [Filing No. 1-1 at 2.] Allegedly, although "Defendants have been made aware of the issues," they have failed "in performing their duties" by "continuously failing to fix the plum[b]ing." [Filing No. 1 at 1.] These failures, Ms. Tunstill alleges, amount to negligence. [Filing No. 1 at 1.]

Pursuant to 42 U.S.C. § 1983, Ms. Tunstill requests a declaration "that the actions and omission[s] described herein" violate the "rights and laws of the United States and Constitution." [Filing No. 1 at 1-2.] For these alleged violations, Ms. Tunstill seeks the following relief:

- That she and her family be placed in another home at Defendants' expense;
- That "for any disease," her family "be medically examine[d] at the [D]efendants' expense";
- "That all medical bills that arise from these issues be pa[id] by [D]efendants";
- "Compensatory damages in the amount of $60,000";
- "Punitive damage[s] in the amount of $50,000";
- "Nominal damage[s] in the amount of $40,000"; and
- "[A]ny additional relief" that the Court deems proper and just.

4

[Filing No. 1 at 2.]

### C. Discussion

A federal court's jurisdiction is "limited," meaning it "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, "the first question in every case," is whether the Court has "[s]ubject-matter jurisdiction." *Ill. v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998). Although "the party invoking federal jurisdiction bears the burden of demonstrating its existence," "it is always a federal court's responsibility to ensure it has jurisdiction," *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006) (party's burden); *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 427 (7th Cir. 2009) (Court's responsibility). For without jurisdiction, the Court lacks power to decide a case. *See City of Chicago*, 137 F.3d at 478. As such, before the Court can consider whether Ms. Tunstill's claims have merit, the Court must first determine whether it has subject-matter jurisdiction. Subject-matter jurisdiction includes diversity jurisdiction and federal question jurisdiction.

#### 1. Diversity Jurisdiction

A federal court has "diversity" jurisdiction over civil cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the plaintiff is a citizen of a different state than the defendants. 28 U.S.C. § 1332(a)(1). For purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and also of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 676 (7th Cir. 2006). An LLC or partnership is a citizen of any state where its members are citizens. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). An individual is a citizen of her "domicile," meaning "the place [she] intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258

(7th Cir. 2002). Residency is different from citizenship; only citizenship is what matters for establishing diversity. *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Ms. Tunstill's factual allegations do not show that her case falls within the Court's diversity jurisdiction. First, Ms. Tunstill has not properly alleged her own citizenship because she has not identified her domicile. Instead, she lists the address where she resides. Second, Ms. Tunstill did not provide any information concerning the citizenship of Beechwood Garden, Hayes Gibson, or Chuck Oneil.[2] Without information as to each party's citizenship, the Court is unable to conclude that it has diversity jurisdiction to consider Ms. Tunstill's case.

2. *Federal Question Jurisdiction*

A federal court has "federal question" jurisdiction over civil cases "'arising under the Constitution, laws, or treaties of the United States.'" *Napoleon Hardwoods, Inc. v. Professionally Designed Benefits, Inc.*, 984 F.2d 821, 822 (7th Cir. 1993) (quoting 28 U.S.C. § 1331). The United States law invoked here is 42 U.S.C. § 1983. Section 1983 alone, however, does not enable a plaintiff to sue in federal court; Section 1983 is simply a "vehicle" for suing certain government officials based on violations of rights arising under federal law. *See Price v. Pierce*, 823 F.2d 1114, 1122 (7th Cir. 1987) (citing *Wright v. City of Roanoke Redevelopment & Hous. Auth.*, 479 U.S. 418, 432 (1987)).

Concerning the unlawful disclosure of her personal information, Ms. Tunstill's allegations fall short of stating a federal claim; her Complaint does not describe who disclosed the information and what federal law gives her a right to sue in federal court.

---

[2] The Court also notes that Ms. Tunstill refers to the Indianapolis Housing Agency but has not named that entity as a Defendant.

Concerning the raw-sewage situation, Ms. Tunstill's allegations, liberally construed, seem to describe a dispute with her landlord over the maintenance of her home.[3]  Generally though, landlord-tenant disputes are not meant for federal court.  See *Davis v. Sellas,* 580 F. App'x 467, 468 (7th Cir. 2014) (holding federal law "does not expressly" enable "tenants to sue landlords who provide subpar maintenance"); *Northern v. Pedcor Mgmt. Corp.*, 2022 WL 1449610, at *2 (N.D. Ind. May 9, 2022) (holding that the Fair Housing Act "does not generally establish a right to a 'habitable home.'").  A claim can arise under the Fair Housing Act if adverse treatment in housing is based upon unlawful discrimination.  *Bloch v. Frischolz*, 587 F.3d 771, 776-75 (7th Cir. 2009).  Or such a claim can arise under federal law where a statute specifically provides an entitlement to money, and there is no sufficient way to enforce that entitlement against defendants who fail to comply.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 280-81 (2002) (citing *City of Roanoke Redevelopment & Hous. Auth.*, 479 U.S. at 426, 432 (holding a claim arose under United States Housing Act because of the Act's "mandatory [benefit] focusing on the individual family and its income" regarding past utility overcharges in violation of the Act's provision for rent ceilings)).

But Ms. Tunstill makes no such allegations.  Although Ms. Tunstill points to dire circumstances and the Court is sympathetic to her situation, the Court is unable to identify a federal claim which would provide it with federal question jurisdiction and thus the power to consider Ms. Tunstill's case.

### III.
#### CONCLUSION

Because Ms. Tunstill's factual allegations do not demonstrate that the Court has jurisdiction over this matter or state a plausible federal claim for relief, her Complaint must be dismissed.

---

[3] *See generally* Ind. Code § 32-31-8-1, *et seq* (Indiana Residential Landlord-Tenant Statute).

Nevertheless, consistent with the general policy that *pro se* litigants should be given ample opportunity to correct deficiencies, Ms. Tunstill shall have until **November 6, 2023**, to file an Amended Complaint.  *See, e.g.*, Kiebala v. Boris, 928 F.3d 680, 684 (7th Cir. 2019) (holding "district courts have a special responsibility to construe *pro se* complaints liberally and to allow ample opportunity for amending the complaint . . . ."). The Amended Complaint must provide "a short and plain statement of the claim[s] showing that [she] is entitled to relief," Fed. R. Civ. P. 8, and provide a basis for jurisdiction that would enable this case to proceed in federal court, as opposed to only in state court.

The Court, having considered the above action and the matters that are pending, makes the following rulings:

1. Ms. Tunstill's Motion for Leave to Proceed *In Forma Pauperis*, [6], is **GRANTED.**

2. Ms. Tunstill's Complaint, [1], is **DISMISSED WITHOUT PREJUDICE**.

3. Ms. Tunstill shall have until **November 6, 2023,** to file an Amended Complaint that addresses the deficiencies in this Entry and otherwise complies with federal pleading standards.  Failure to do so may result in dismissal of this case for lack of jurisdiction.

Date: 10/11/2023

*signature*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

**Distribution via United States Mail to:**
KIMBERLY TUNSTILL
2741 North Graham
Indianapolis, IN 46218